All right. Councilman Priebus, you may proceed. Thank you, Your Honors. Good morning. And thank you. It's a privilege to argue in front of you today. And it's a shame that I can't be there in person. My name is Tom Priebus and I'm a lawyer at Saul Ewing. I represent the appellants in this case, which were the plaintiffs below. As previously indicated, I've reserved five minutes of my time for rebuttal. May it please the court. The appellants are three individual families that live adjacent to an area that is subject to a land disposition development agreement, which is in question in this case. Appellants are also the Poppleton Now Community Association, whose members include the individual plaintiffs who are my clients, members whose homes were taken in connection with the land disposition and development agreement, and members who just have a generalized interest in the benefit of the neighborhood. And the purpose of the Poppleton Now organization is to elevate and to advocate for the betterment of this particular neighborhood. Appellants seek judicial review of a state action that they claim violates the Fifth Amendment to the United States Constitution, and more particularly the Public Use Clause of that Fifth Amendment. The District Court dismissed the case on standing, effectively holding that federal courts are not available to review this constitutional question as a matter of subject matter jurisdiction. For the reasons I'd like to go over with you today, the federal courts have unquestionable subject matter jurisdiction to address this claim. I'd like to first take a moment to summarize the facts very briefly, excuse me, the allegations very briefly, before I turn to the question of subject matter jurisdiction, which is at the heart of this matter. The facts. In the summer before the complaint was filed, new information came to light through an investigative journalist. The information particularly noted that the developer, which is one of the defendants in this case, solicited a proposal to redevelop this community in the city, that it was a historically Black and underprivileged community, and that the proposal was not previously contemplated under city land use agreements, but was unsolicited by the developer. A city panel ultimately awarded an RFP to other developers and deemed that this developer was unqualified. At the same time the RFP was pending, the developer provided in-kind gifts to a then city council president, later mayor, which included a spa day and a spread in a national magazine commuting her community, touting her community development prowess. In the same month that that national magazine article ran, the RFP was changed and the project that was solicited to the developer was awarded to the developer. The parties then entered into a land disposition development agreement, which was unique and one of its kind for these matters across the country and directly violates the constitution. The land disposition development agreement gave away 13 1⁄2 acres that would be taken from private underprivileged property owners to this developer and does not first require the delivery of a public use. Whether the text of it says it or the parties are enforcing it that way, that is the current situation and now we're 20 years later, but that is still the current situation, which is that the developer takes the position that he has a quote-unquote development right over all 13 1⁄2 acres and that nothing can be done with those acres until someone pays him off the full market value. He holds the land hostage and demands a king's ransom if anything is to be done with this entire neighborhood. Is that? I mean, you know, I guess can you at least take a minute for mootness purposes and talk about whether the developments that have happened in the last couple of years, including the, you know, absolving of this particular agreement and land being transferred to a party that I believe is not before us, how that affects our jurisdiction under a sort of mootness doctrine. It seems like we're very far afield from where I just said, that's how everything remains. That doesn't, I didn't seem to be true. Let me, let me, let me address that because there may be some confusion. There's 13 1⁄2 acres subject to this land disposition development agreement. Two limited parcels were taken out of that. And I think that may be what you're referring to. Two limited parcels were taken out of the land disposition and development agreement and the city purchased those at market value from the developer, with this developer having not performed anything of value. And then the city then developed them themselves. Those two, those two parcels are just a tiny fraction of the remainder of the 13 1⁄2 acres, which sits fallow and empty with nothing on it. And that will never be developed so long as this is in place. The fundamental problem is there are 13 1⁄2 acres that were taken and the city has paid a million dollars for two tiny little parcels, close to a million dollars, just to release two tiny little parcels from the private, purely private interest of this developer. The remaining, I don't know what exactly number it is, let's call it 13 acres, is subject to the same situation. And it's going to sit there fallow and under the same unconstitutional condition until the city pays them the remainder of the money, presumably more than $10 million. Just as a, just as a threshold and starting point for the delivery of a use. And so I think, I think the answer to your question is it's potentially moot as to the two things that were taken out, but we haven't, we still have the situation that would be redressed significantly by a court order indicating that the LDVA is unconstitutional, that the remainder of, let's call it 13.2 acres of this neighborhood, cannot be subject to this purely private inurement and a public process needs to take place to provide for a public use of this, which is entitled by the Constitution of the United States. I'm sorry. Are you asking for damages also? We have asked for damages in the form of loss of property value and loss of use of enjoyment primarily. It's part of our nuisance claim. It's also part of the 42 USC 1983 claim. I will say, however, that the primary relief that we seek is purely declaratory and adjunctive in nature in that we simply seek that the federal courts, which it has every right to do, review not only the initial arrangement to give the land to this developer, which we say violates, directly violates Kelo versus City of New London and the public uses clause of the Constitution, but also the language of the LDVA agreement, which violates the Constitution. It's one of its kind by giving this man, giving this developer, excuse me, all of this land without the requirement of a public use and that doing so would remove it by just removing that substantial obstacle. Other actions can then take place that that would be potentially for the benefit of the community. As a practical matter, just did I answer your question, Judge Harris? I don't want to waste your time. As a practical matter, you know, I think some of the question that you've just asked and I think what our framers had in mind is the framers didn't say this is a quote-unquote takings clause, although we refer to it that colloquially. They forbade government from taking from a private person A and giving it to B. Can you tell me why I understand the challenge that could be made there if you were the landowner, right? That's the Kelo cases where they were the landowner. You're obviously not the landowner. Can you point me to any instance in which a court has said that a non-landowner can challenge a taking? I mean, this sort of feels a little bit like, you know, third-party beneficiary trying to challenge a government contract, right? We're pretty protective of that. You know, bad government is not unconstitutional. I understand your question, but I think and I'm not aware of such a case, but I also think that there are cases that indicate that this would be permissible. First, the question of, you know, the question of harm is, are they harmed by the lack of the public use? And as we pled, and as I indicated to Judge Harris just a moment, they're absolutely damaged, the loss of property value, loss of use and enjoyment. We often say sort of incidental, you know, third-party beneficiaries that have incidental effects. Like, it's not that the effect doesn't happen, but it's not a basis on which you can bring suit. Your Honor, I think that's, I think that that in a lot of cases may be the case. I don't think that's the case here because they are direct, to say that the neighborhood is not directly impacted by living adjacent to this and as a result of this unconstitutional arrangement is, absolutely they are and they pled it that way. Let me make two points because I don't want to lose the thread here, that one is standing. The question here is standing and the question is whether the subject matter jurisdiction pursuant to standing. I want to, to your exact point, I want to bring to your attention the case of Duke Power versus Caroline Environmental Study Group, which I think is the most applicable here. First, in Duke Power, the Congress passed a law reducing safety regulations for nuclear power plants. The plaintiffs in Duke Power lived near a nuclear power plant. The plaintiffs in Duke Power argued, among other things, that the safety regulation change about nuclear power plants affected their property value and the loss of use and enjoyment of their property. And they further argued that as a result of living near a nuclear power plant with less safety regulations, they were harmed. The Supreme Court held, A, that they had stated a cause of action because they had made a constitutional, they had raised a constitutional question under the Fifth Amendment that a state law, here it's a state contract, but it's the same issue, impinged on their property rights and on their rights, and the court reviewed the case. The court further held that they had standing in that instance because they were nearby, based on the basic standing analysis, that they were adjacent property owners and that they were nearby. Counsel, so you started by saying like, this is a standing question, subject matter, jurisdiction, and I completely agree that is a threshold question. But whether we think about it as, and I know we have to sort this out, but whether we think about this as a standing problem or sort of a failure to allege an element of a takings clause violation, I sort of want to go back to Judge Richardson's question. I can't find any case, one way or another, that allows someone to bring a colloquially called takings clause claim, but really a public use claim, based on the taking of someone else's property. And I take your point that there are cases that suggest one might well have standing to bring such a claim, but I can't find anything saying that is a sort of cognizable injury for purposes of a takings clause cause of action, that you can recover for that under the takings clause if your property wasn't taken. But have you found something like that floating out there?  Well, first of all, that was the point I was attempting to make with Duke Power. Okay, Duke Power, but it's not a takings case, right? It is actually a takings case. In Duke Power, they were arguing that their loss of use of enjoyment and that their property values were materially affected by the safety regulation change of Congress, and that that was unconstitutional. They, the court didn't rule, and I don't know exactly what happened ultimately, but the court did not rule that they won that case. It's some ultimate trial or something like that. I don't know. I actually, and I apologize. I didn't look at how it came out sort of down the road, but the court did rule for the purpose of 12B1 and 12B6 that they had stated a claim that was sufficient to be addressed. And I want to draw a particular language to Bell v Hood, which is a 1946 case that addresses this exact issue. Jurisdiction, therefore, is not defeated as respondents seem to, I'm quoting from the case, which also was quoted in, excuse me, Duke Power. Jurisdiction is not defeated as respondents seem to contend by the possibility that a vermin might fail to state a cause of action on which petitions could actually recover. For it is well settled that the failure to state a proper cause of action for a judgment on the merits is not for dismissal for want of jurisdiction. Whether the complaint stays a cause of action on which relief could be granted as a question of law and just as issues of fact, it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations of the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction. And then it just says that the previously carved out exceptions are when the cases only pled for, say, to create a federal question where there really isn't one. But I don't think that applies here because we're clearly alleging a Fifth Amendment issue. In light of this authority, the Supreme Court not only upheld the standing to bring this case, but also said that it had original authority under Section 1331A and Article 3 of the Constitution to review the case. In light of prior decisions, for example, Bivens and Higgins and Levine, as well as general and admonitions that where federally protective rights have been invaded, courts will be alert to adjust their remedies so as to grant the necessary relief. We therefore conclude that Apelli's allegations are sufficient to sustain jurisdiction under 1331, which is actually going to a question that's not raised before you today, which is whether we've stated a claim for relief to be granted. I want to be very clear. I believe a lot of conflation has occurred between what constitutes standing and what constitutes failure to state a claim for which relief can be granted. And I think it's very important that we keep those lanes clear. And if you get to the question of failure to state a claim, you know, this authority provides that the court has original jurisdiction to review this exact case. We're already here now, because I don't think what you said is inconsistent with the question Judge Harris asked you. You could have standing to bring it, but you may not meet the elements for taking the claim. And we can rule on different alternative grounds. They're not inconsistent. Yeah, you may have standing, but that doesn't mean that you know, that doesn't get you where you want to be. The question is, is this a takings claim? And that's the question. Any cases that where you actually had a cognizable taking claim where you weren't the owner? I think maybe you got standing in some cases, but one of those that you actually prevailed and you're not the owner. May I briefly respond? Yeah, sure. Go ahead. I think the question isn't whether it's a quote-unquote takings claim. I think the question is whether under, in particular, the jurisdictional grant is 42 USC 1983. Have you articulated that a constitutional violation has caused you injury? And the answer to that is yes. Has it caused you injury as a taking of our property? No, but has a constitutional provision been violated? Yes, the Public Use Clause. Has it harmed the plaintiffs? Yes, it's harmed them for all the reasons I've already mentioned. And so, you can't look at it so narrowly as is it a quote-unquote taking claim. I'll also add that we have made a taking claim in the exact same way that the Duke Power people made the taking claim, which is that this government action on adjacent property harms the use and enjoyment of our property and the property values. And I could demonstrate that very clearly in a trial. Just as a quick final corollary to that, there's a case 120 West Fayette Street, which is a Maryland case, which directly holds the same, which is that a LDBA regarding a property across the street can be challenged and a declaratory judgment is available simply because the fact that the city issued the LDBA might harm the competitive interest of the property owner across the street. And that case is directly on point. Granted, it's a state case. So with that, with Duke Power and 120 West Fayette Street, I think we get there. And I definitely think that standing has been found in this case as well. Standing is clear in this case as well. Thank you. All right. Thank you. You're on mute. Thank you, Your Honor. And thank you, Chief Judge Gregory. Good afternoon, Your Honors. May it please the court, Anthony Phillips arguing on behalf of all appellees. The district court correctly dismissed the complaint in its entirety here for three independent reasons. First, plaintiffs failed to allege the injury in fact required to establish standing for a takings claim. Second, they failed to allege the type of interference with the use and enjoyment of their property required to state a private nuisance. And third, their request for declaratory relief rises and falls with those substantive claims, all of which were properly dismissed by the court below. Plaintiffs have abandoned their other claims on appeal, and there's no basis on this record to disturb any of the district court's reasoning below. This court should affirm. Here, despite the distinct roles of courts and elected officials, plaintiffs are asserting generalized grievances and objections to a lawful local government decision, specifically the city's decision to award the LDBA to developer defendants and the execution between the defendants of that contractual agreement. Those kinds of policy disagreements must be pursued through the political process. Article 3 doesn't allow them to be repackaged as a federal lawsuit. Yes, can you? I struggle with that a little bit and I'm just sort of trying to put myself in the plaintiff's shoes and I'm picturing like my local government rezones and now there's a factory next door to my house. And you know, it runs day and night and there's a lot of traffic on my street. I can't sleep, bad smells and everything. I'm not really seeing that if I sued, I'd be suing as like just a citizen who objected to a change in zoning rules. I think I'd be suing as someone who was quite, in a very particular and concrete way, injured by what the government had done. Like, I don't know that I could recover on a takings claim, but if I had some other cause of action, I really, you're saying no, I would not be injured in a particular way by that action? Well, Judge Harris, your hypothetical is an interesting one. It's not exactly the facts of this case. It's pretty close to the facts as alleged, right? And I mean, you started by saying they're challenging a lawful government action. Like, we can't do that. At standing, we assume the merits of their legal position. So what they are challenging is the unlawful creation of a government blight right next door to their house. I'm not certain that I agree that that's their allegation. I mean, the blighted conditions on the record have existed since 1975. But the hypothetical that you pose, Judge Harris, includes what the court here, what the Fourth Circuit has called a tangible invasion of the individual property. That would be an invasion of odors, of noise. That's whether I can prove my trespass case, whether I can, whether I've pled the elements of private nuisance or trespass kind of a situation. But I'm just saying, I think I can get into court to make the argument. I may. I mean, I just don't see why an argument that you live next door, your property abuts this property, and major changes on that property have dropped your property values and substantially interfered with your use of your property, how that is a generalized grievance about illegal government conduct. It seems quite particularized. I think I understand your question and maybe where we're missing each other. The court below ruled that these plaintiffs didn't have standing to challenge the takings. That is a separate issue and sort of I think where I'm standing on this issue of standing as well. With respect to the takings claim, the district court found that they did have standing. Oh no, you mean the nuisance claim. Excuse me. Thank you, Your Honor. The private nuisance claim. But how can the answer be different? Either way, what you need, like the requirements for an article three injury don't vary with your cause of action. Like you may win or lose on different causes of actions, but it either you have been concretely injured or you haven't. I found that very puzzling. Well, the injury in fact that a party alleges has to relate to their claim for relief. It has to be caused by the action they're challenging. Yeah, I agree with that, Your Honor. And I guess the point that I'm making is that if the action that's being challenged is an improper taking, they have to have an injury in fact that relates to that improper taking. And here, none of these property owners allege any legally protected property interest. Excuse me, none of these plaintiffs allege any legally protected property interest that could be redressed by the court in ruling on a takings claim. That's just saying they lose on their team. I am having a lot of trouble drawing the line here between article three injury and a merits argument. I guess is what I am saying. Yeah, that sounds like an argument for why even though they've been injured, they're probably going to bracket, but there is an argument that they may well have article three standing, but they still lose because nobody thinks you can recover on a takings clause claim if your property wasn't taken. But whether that is an element of the cause of action or a requirement of standing is very confusing to me. And I guess maybe I don't have a great answer for you, your honor, but ultimately to demonstrate an injury in fact in the takings context, there has to be a loss of a legally protected property interest and none of these plaintiffs have shown that. And with respect to the private nuisance claim, while they have standing to bring it, the law clearly defines what constitutes an intrusion that would make out a private nuisance. And plaintiff's private nuisance claim fails for lack of any cognizable injury under that concept. The district court here didn't weigh the degree of interference alleged. It correctly concluded that the types of conditions that plaintiffs identified empty houses, tall grass, rats, and trash and vacant lots, parking conditions on public streets. These are not the kinds of interferences with the use and enjoyment of one's own property. The law recognizes as a private nuisance. Can I just ask you one separate, and then I will leave you alone, but just one separate question about the private nuisance claim. I had a concern that really doesn't go to the merits of the district court's analysis, but the district court dismissed, this is here on federal question jurisdiction, I think, and the district court dismissed all the federal claims. And at that point, the default rule is actually that you would not exercise pendant jurisdiction to resolve the remaining state claim, although a court has discretion to do that. But the court's supposed to make a discretionary determination about whether, even though there is no longer a federal claim in this case, I should go ahead and reach a state law question, or whether that would be needlessly deciding a state law question and you should just dismiss and send it back to the state court. And I didn't see the court make that determination here. And I'm wondering whether, if we were to agree with you, hypothetically, that one way or another, there's no federal claim in this case, we would have to send this back to the district court to consider whether or not it wants to exercise jurisdiction over the state law claim. Sorry, that was a long question. I think I understand your question, Your Honor. And I don't know that it's necessary to send this back to the district court to make that decision. This review, of course, is de novo. And as long as the court were to conclude that if the court were to conclude that a nuisance claim has been plausibly pleaded, once that takings claim is dismissed, there really is no basis for federal jurisdiction. And it wouldn't need to send this back to the district court to reach that conclusion. This court can reach that conclusion on its own. And in that circumstance, you know, particularly here where we are prediscovery, exercising supplemental jurisdiction would not be appropriate. Thank you. And so ultimately, you know, I would go back to. And can you talk about your colleague puts a lot of weight on this duke power decision and the suggestion that that Fifth Amendment claim, which includes a taking piece, but seems to be more about a due process claim. But there's at least a Fifth Amendment claim in the case, whether it's just by the court. Can you talk about why you think that doesn't apply here or why you think it's distinguishable? Yeah, my understanding or my read of the Duke power case, your honor, is that the court rejected the takings challenge because the plaintiff had no, you know, vested property interest that had been taken, reinforcing our position that the takings clause protects only concrete property interest, not, you know, abstract or speculative expectations in Duke power. The court found the the plaintiff had standing to challenge a statute that removed a future tort claim, which is different from a property interest. In the Duke power case, the statute limited the liability arising from, you know, potentially dangerous conditions of the power plant. And that is what the Duke power court found. Plaintiffs had standing to challenge. It wasn't a they didn't find that they had standing to challenge the taking of a property there. Instead, it was the taking of this, this future tort claim. I hope that's responsive. Yeah. And so, you know, returning to this case, I think it's also important to recognize that the private nuisance claim that has been raised here does not sufficiently state a claim. And that's what this court found. So the judge here in the district court judge here didn't find that plaintiffs could not raise their, you know, or lack standing to raise their nuisance claim. Instead, what the district court found is that the types of conditions plaintiffs had identified were not the category of harm that could amount to a private nuisance. The case on which plaintiffs relied, National Fair Housing Alliance, points out that there are two requirements to make out a private nuisance claim in Maryland. One is that the injuries of a character to diminish materially the value of the property for use as a dwelling. And two, the actions cause serious interference with the ordinary comfort and enjoyment of the plaintiff's property. The district court here didn't reach the first question, but resolved the, this matter or resolved the 12B6 question on that second element, serious interference with the ordinary comfort and enjoyment of the plaintiff's property. Nowhere in the complaint do plaintiffs allege that they've lost any use or enjoyment of their own property. The conditions they claim, they are external to their property. And none of those external conditions, none of those external concerns rise to the level of what this court has called a tangible invasion. Again, a noise, an odor, a light, you know, those are the types of issues that are constant and ever present on an individual's property that this court has found can amount to a private nuisance. Can I jump back? I think, I know it's out of order, but I'm just trying to think about this question of whether this is a standing problem. And I'm back, obviously, all the way at the beginning. I'm talking about the, the quote unquote takings claim. And I'm trying to put it in sort of like the transunion boxes. And we think about, you know, the constitutional law injuries that the court describes as intangible injuries. And it sort of describes those as being like a permissible type of injury. And it seems like that probably, like you would probably win if that was the bucket that, that we found ourselves in. I guess what I'm trying to figure out is why for transunion purposes, this isn't like just a tangible pocketbook injury, right? My house is worth less today than it was or would have been absent this non-public use taking. And so I've got, I've got a tangible pocketbook injury. And so this whole question about sort of, you know, intangible harms identified in constitutional principles, we don't get to because we've got a tangible, at least by allegation, a tangible pocketbook injury. Like my property is now worth less. Yeah. And so, so then, then I'm, that would then suggest you might lose because the cause of action doesn't exist, but that under at least the transunion, you know, buckets that I'm thinking of, you've actually got standing. Yeah. I think I understand your question, Judge Richardson. It'd be hard if you did. So I'll give you a lot of credit if you're close. I'm doing my best. I, if I understand your question correctly, I think what you're, what I hear you saying is that if my property is worth less today, haven't I suffered a taking that I can at least raise in court? No, no. It is that if my property is worth less today, I've suffered an injury, right? Right. So a monetary pocketbook, tangible injury, right? Right. This is Judge Harris's example where the factory gets located on her street, except it's not a factory that smells bad or makes noise. It's super quiet, right? But it just happens to have the effect that it really lowers the property value. Sure. And I don't know why that is, but we've got lots of experts that say it lowers the property value. Right. So it's not she's she's still able to sleep well and all those things. But the property value has just gone down. And so I don't care whether it's a taking or not. Right. My point is, the government took action. My property value went down. And for standing purposes, I've got a tangible pocketbook injury. And so we're we're like done under TransUnion. Right. I mean, why? Why? What am I missing there? Yeah. And I think probably what's missing here is that those facts are pretty extreme and quite different from the facts here. But even if that's even if we start with that injury, you also have to follow that with causation and redress ability here. Yeah. And yeah. OK, fine. But so stay with my hypothetical. I understand you think the facts here are different. We talk about that. But let me go back to destroying Judge Harris's financial well-being if I can. So the building is built at and, you know, on Judge Harris's street. And so we accept the property values going down. That's a tangible pocketbook injury. But we can we can say pretty clearly, like, well, that's not too hard to think about traceability. Right. Because we know the property value went down because of this like monstrosity that was built across the street. And then we say, well, is it redressable? Well, yeah. I mean, one way is you can just pay them some money. Right. The other way is you can tear the house down. Right. Or the structure that was built. Right. Maybe we're not going to do those things, but like for standing purposes. Why isn't that enough? Yeah, I guess my reaction to that one is that no one has a constitutional right in the value of their home. Right. So this hypothetical assumes that the loss of home value is an injury, in fact. And that's not what the law says. Oh, no, no. I think the law says like a tangible loss of value is a is a tangible injury. The loss of money is a tangible injury. Transunion is really hard when we talk about intangible harms. And those are super difficult. Right. Like I get it. But it's not hard when they're talking about tangible injuries. Right. Like you've lost value. And the fact that like it's you know, nobody went into Judge Harris's house and took the hundred dollars and burned it, but instead caused her that same loss in value. Like that's a tangible injury. Just the right. Yeah. And, you know, Judge Richardson, I apologize. I guess I don't have a good answer to your question. I think ultimately on the facts here, the case is simpler. Ultimately, these plaintiffs are alleging an improper taking for lack of public use. But of course, the LDA itself is in the record. The facts of this case are squarely on four corners with Berman v. Parker, which unanimously decided that the taking of private property to repair or cure a blighted neighborhood is a permissible public use. I mean, that's those are the facts that we have here. Right. So but so I guess that there then. Except for a minute, my theory here that you you have a standing standing is OK. You didn't have two different ways that that you might prevail. One is to say you got standing but you got no cause of action. Right. Because a 1983 suit for a taking for similar principles to a third party standing to challenge a third party beneficiary to bring a claim on a contract simply doesn't exist. All right. So that's sort of like a threshold question. And then your your final point, which I take is what you were getting to probably well beyond what we can do, is that this is actually a public use and they really lose on the merits at some point down the road. This though you those are three different grounds that we could talk about. Is that do you see those as being the three buckets? Yeah, I think that's right. And so on the second bucket, which is OK, maybe they're standing, but there's simply no cause of action that exists under the takings clause when you're not the property that's been taken. Do you have an argument there that we should think about? Well, I guess I would say that I if we assume that standing is proper under these circumstances, I think that is certainly right. I think certainly if the cause of action is an improper taking under the Fifth Amendment that would require the taking of private property without just compensation. And so if these plaintiffs were found to have standing to challenge the takings of these of the relevant properties here, none of them owned any of these properties. And so ultimately they're not stating a proper takings claim if they're suggesting that the the taking of other people's property gives them the right to sue. I hope that's responsive to your question. It is. Thank you. Yeah. And ultimately, your honor or your honors, this case, I think, is simpler than all this. I think this case presents no concrete or cognizable injury to these plaintiffs. I don't think there's a viable federal cause of action here, and there's no basis for this court to intervene. Ultimately, the L.D.D.A. was negotiated and is being executed at arm's length between the city defendants and the developer defendants here. What these plaintiffs are complaining about are ultimately political decisions and the actions of their local government. And the courts are not the proper party to resolve those disputes. And ultimately here, plaintiffs are six individuals and the community organization that they control. And they assert that what's happening with respect to this redevelopment is bad for the community. But there are but the elected representatives from the city of Baltimore represent thousands of people and hundreds of other people who lived in this neighborhood. And there are facts in the record that show when this RFP was was put out and this L.D.D.A. was considered, there were four large community meetings held, and this was a generally favored redevelopment. So that, your honors, unless there are further questions, I'll yield my time. Thank you so much, both counsel. Appreciate you. We thank you so much for being here. We can't come down and salute you, but know that it's much appreciated for your advocacy. Your honor, I think the appellant has a little bit of time. Oh, I'm sorry. We didn't need his time away, did we? I mean, he'll promise to end quick, but I'm interested in what he's got to say. I am too. At the risk of getting between Judge Gregory and his lunch. I don't eat lunch, so you're okay. I think to be perfectly blunt, I think the judges of the court understand the issues here and understand that this is not a standing issue. This is whether the plaintiffs can prove their case a trial issue and that not only has Duke Power and Belle v. Hood and also this court in Dukoko v. Garland also reiterated the same principles that it's not a lack of subject matter jurisdiction to allege that there wasn't an injury to the plaintiffs. And so I think we've circled the issue and I think that a remand to the district court is more than appropriate. Can you tell me why? So assume maybe hypothetically, maybe not that I think you passed the standing bar, but it seems just sort of as a matter of law, you haven't pled a takings claim. You might have a private nuisance claim, but bracket that for a minute and just talk about the sort of basis for federal jurisdiction, like why as a matter of law, a non-property owner can challenge a government taking of somebody else's property. I just that's not one that I'm familiar with. I mean that, you know, there's there's certainly times where people present arguments that haven't been exactly tried before on all fours. What I will say is that the plain text of the United States Constitution provides that the, I'm going to paraphrase, but that the government will not take private property except for public use, period. The public use clause is an important clause. To call this a takings claim is to assume that the forefathers knew of a concept called a quote-unquote takings claim and that their concern about a taking for the public use is limited to the four corners of the taking. But wouldn't this like go all over the place in other areas, right? Where I could say, listen, I'm not the one that wants to speak, right? But the fact that this guy is like pamphleteering on my street has lowered my property value. And so I want to challenge the grant of his First Amendment rights or police are doing these stops in my neighborhood and that has reduced my property value. So I can challenge the reasonableness of these stops. I mean, this sort of move to say that when we're talking about a constitutional violation, someone who's not actually been subject to that violation or regulation can bring a challenge would seem to be like a really remarkable one. I think this is very, very unique to the words of the Fourth Amendment and the clause that is in question here, which is that the taking must be for a public use. And I want to just take that for a second and let's just think about for a second what we're talking about here. We're talking about the potential for a government theoretically to condemn. I'm just making up a hypothetical. You could condemn half the city, you know, Vladimir Putin, maybe I shouldn't say a different government in a different time could take half a city and hand that half that city to his a private person that is a crony of his that is that is closely related to that person. And then that person would come outside the strictures of government and would be a person that could run that entire side of the city. It just seems like if that happened, you would expect one of the people whose property was taken to bring a takings claim. And the fact that they haven't here. I mean, Judge Richardson was talking about third party beneficiary cases. And I'm also thinking about third party standing cases where even if you have article three standing, we don't generally let one party sue even if they have standing to sort of vindicate a constitutional command. That's obviously aimed at someone else. And just to be fair, like the constitutional provision. It's not a standalone thing that says property should only be taken for public use. It's combined with and then you have to pay the property owner like this this clearly this is primarily a protection for property owners and it guarantees them both that their property won't be taken at all. If it's not for public use. And then if it is they'll get paid. And I do have sort of, you know, whether you frame it as there's not a cause of action or third party standing prudential concerns. It just seems like the wrong people are suing here. No, I don't agree with you that the principle only relates to the taking from particular not saying only but it's the it's what it's targeted at. It's the primary aim. That's the kind of language we use in the prudential third party standing cases. I regard through powers instructive here if they can sue for the exact same type of situation, which is a nearby regulation that impacts their property value then these people also can do that. I will also say that were this case to be remanded as I believe it would be appropriate on standing ground because these because standing certainly applies there are certain other avenues of opportunity that the that the plaintiffs can take here through amendment or otherwise to to strengthen this claim. I'm just previous to make of almost shorthand and you you have any final words to go. I'll give you a minute to close this. You had some questions on your rebuttal. You have anything else you like further? Did you say Mr. Phillips or Mr. Previous? I'm sorry. You said this is previous view. Oh, the only thing is I didn't I did not address the nuisance claim at all. But I would like to say that with respect to that this this concept of physical invasion is significantly greater than what is required under Maryland law and that the plaintiffs have adequately pled that their home values have been substantially impacted and that the you know that the loss of use and enjoyment is also lost and that's sufficient. Thank you. Thank you, Mr. Previous and same thing I said before we thank you for being here and appreciate your advocacy and and be safe. Take care. Thank you. This honorable court stands adjourned until tomorrow morning. God save the United States in this honorable court.
judges: Roger L. Gregory, Pamela A. Harris, Julius N. Richardson